FILED

2019 AUG 22  PM 12: 55

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| Charles Edward Lincoln III, <br>     Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | Civil Action No. <br> 8:19-CV-2101736CPT |
| Ron Shelton, <br> Robert Stanley Tripka, <br> Abigail Lucille Tripka, <br> USA Realty Group, Inc., <br> John & Jane Does 1-10, <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § | _____ <br><br> Trial-by-jury demanded <br> of all issues so triable, <br> including all facts and mixed <br> questions of law and fact |

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, INJUNCTION & EJECTMENT

1.      Plaintiff Charles Edward Lincoln III received a Warranty Deed to 122 Harbor Drive in Palm Harbor, Florida 34683 from Robert Stanley Tripka on or about December 27, 2018 (see Exhibit A).

2.      Plaintiff Charles Edward Lincoln III brings this action against Ron Shelton & Robert Stanley Tripka, all officers and directors of the purportedly dissolved USA Realty Group, Inc., and John & Jane Does 1-10, for (1) defamation, (2) tortious interference with contract, (3) intentional infliction of emotional distress, (4) breach of the implied covenant of good faith & fair dealing, (5) conspiracy to slander & defame, (6) conspiracy to tortiously interfere with contract, (7) conspiracy to intentionally inflict emotional distress, (8) declaratory

1

TPA 057856

Case 8:19-cv-02101-CEH-CPT   Document 1   Filed 08/22/19   Page 2 of 19 PageID 2

judgment regarding the validity of contracts, (9) liability for indemnity for damages to third parties arising against Ron Shelton & Robert Stanley Tripka, all officers and directors of the purportedly dissolved USA Realty Group, Inc., and John & Jane Does 1-10, and (10) for ejectment against Robert Stanley Tripka, Abigail Lucille Tripka, and other relatives or business associates of Robert Stanley Tripka including John & Jane Does 1-10.

3.     Ron Shelton is an individual who may be served with process and summons at his on-line published residence at 11044 Via de Rosa Lane in Spring Hill, Florida 34608-8540 (Telephone 614-808-5182).

4.     Robert Stanley Tripka is an individual who may be served with process and summons at his known and confirmed residence 122 Harbor Drive, Palm Harbor (Ozona), Florida 34683 (Telephone 727-458-9135).

5.     Robert Stanley Tripka was an officer and registered agent of USA Realty Group Inc., formerly USA Realty Properties, Inc., possibly co-owned with Suzanne Hennessey Tripka (also former owner of Affordable American Housing, Inc., inter alia).

6.    Abigail Lucille Tripka is Robert Stanley Tripka's adult daughter (age 20), also known and published on-line as residing at 122 Harbor Drive in Palm Harbor (Ozona), Florida 34683.

7.    The real estate, subject of this lawsuit, 122 Harbor Drive, Palm Harbor, Florida 34683, is in desperate need of cleaning and repair due to Robert Stanley Tripka's neglect over many years owing to Tripka's Leukemia and Bladder Cancer.

8.    The house has been in foreclosure litigation, and a final decree of foreclosure in Florida Circuit Court, but Lincoln & Tripka have contested and continue to contest the legality of the foreclosure sale.

9.    In fact, Tripka and Lincoln had agreed to continue to contest the Wells Fargo Foreclosure forever/indefinitely/as long as possible and to maintain possession of the property by collateral attack (an equitable bill of review or other means).

10.   Lincoln realized, however, that in all probability, formal refinancing through hard or credit lenders was probably the only thing that could possibly preserve ownership of 122 Harbor.

11.   Charles Edward Lincoln III set out to refinance the property in June 2019 during and after filing (and failing for a third time in three years to qualify for maintaining) a Chapter 11 Bankruptcy.

## JURISDICTION & VENUE

12.    There is complete diversity of citizenship and the amount in dispute substantially exceeds $75,000.00.

13.    Plaintiff demands liquidated damages in the minimum amount of $250,000.00 from the Shelton & the Tripkas.

## BACKGROUND TO TRIPKA'S
## TORTIOUS INTERFERENCE WITH CONTRACT

14.    Despite the foreclosure litigation mentioned above Robert Stanley Tripka deeded 122 Harbor Drive to Charles Edward Lincoln III in December 2018, and recorded the deed with Ken Burke, the Pinellas County Recorder of Deeds (Exhibit A).

15.    Robert Stanley Tripka has continued to live at 122 Harbor Drive after deeding it to Charles Edward Lincoln III until the present day of filing this lawsuit.

16.    In June of 2019, Charles Edward Lincoln III and Robert Stanley Tripka agreed that they needed money to continue the litigation against Wells Fargo Bank, and that they would rent out (or potentially Lincoln would occupy) two bedrooms of the large beach house which is located at 122 Harbor Drive, where Robert & Abigail Tripka live.

17.   In June-July of 2019, Lincoln and Tripka interviewed several potential renters, all of whom Robert Stanley Tripka rejected as possible and potential housemates.

18.   Most seriously, Lawrence Paul Barnett & Christina Anne Hall, signed and executed a short-term lease (attached as Exhibit B), but did not pay any money down, only because Robert Stanley Tripka disapproved of them as possible and potential housemates, despite the fact that they had committed to do substantial cleaning, repair, and reconstruction work on the house.

19.   Lawrence Paul Barnett & Christina Anne Hall have threatened to file suit against Tripka on grounds rather closely resembling those asserted here (See Exhibit C).

20.   Robert Stanley Tripka has recently been awarded $60,000.00 damages in a personal injury suit resulting from an automobile wreck, and has been sued in U.S. District Court in Pennsylvania for Telephone Harassment pursuant to 47. U.S.C. §227 et seq. by one Andrew Perrong (Eastern District of Pennsylvania Civil Action No. 19-2293).

21.   After the Barnett-Hall incident in mid-July, Tripka and Lincoln agreed that Tripka should vacate his disastrously poorly maintained

living quarters/half of the property located at 122 Harbor Drive in Palm Harbor, Florida 34683.

22.    After substantial and extended discussions, Robert Stanley Tripka decided he would move out by August 31, 2019, making the entire house available for rental on September 1, 2019.

23.    Starting on or about Saturday August 17, 2019, Lincoln began to advertise the entire property for rent and Tripka cooperated in providing information for the ad, just as Tripka had always cooperated with Lincoln and Lincoln with Tripka over the past 11 years since approximately March 2008.

24.    Lincoln was reluctant to see Tripka leave his old house, but Tripka insisted that, since about June 2018, he "had no more fight left in him" and just wanted to move away, and just assist Lincoln very passively.

25.    Lincoln & Tripka agreed that for Robert Stanley Tripka to move out by August 31, 2019, was best.

26.    Lincoln continued to advertise the place and, as one might expect for a substantial property by the Gulf of Mexico waters, with a swimming pool and boat dock, in a very fine neighborhood.

27.    There were many interested parties and the property rented on the first day of showing, with Robert Stanley Tripka involved in each minute of the showing and engaging in conversation and commentary with all visitors and on-lookers.

28.    Troy P. Johnson & Tracy Lynn Gazarek picked Lincoln (who does not drive) up at Starbucks in St. Petersburg and drove him in their vehicle to 122 Harbor Drive in Palm Harbor, Florida, to see the house and meet with Tripka.

29.    Robert Stanley Tripka had repeated his promise to vacate 122 Harbor Drive to Charles Edward Lincoln III, Troy P. Johnson, Tracy Lynn Gazarek, and other people present at 122 Harbor Drive on Monday, August 19, 2019, to move out completely by August 31, 2019 so that Troy P. Johnson & Tracy Lynn Gazarek could move in on September 1, 2019 (see Exhibit D, "Memorandum of Agreement & Understanding" signed and executed August 21, 2019).

30.    On Monday afternoon, August 19, 2019, Robert Stanley Tripka watched Johnson & Gazarek shake hands with Lincoln and agree to the lease, and said nothing except to ask them whether they were aware of the ongoing foreclosure litigation, which of course, they were

because the historical description and litigation summary took up all their time driving up US 19 from St. Petersburg to 122 Harbor.

31.    Troy P. Johnson & Tracy Lynn Gazarek were very enthusiastic about the property and Lincoln about having them as tenants.

32.    Tuesday, Johnson, Gazarek, & Lincoln negotiated some minor points in the Memorandum (Exhibit D) and came to a final agreement on all points.

33.    Troy P. Johnson & Tracy Lynn Gazarek met with Lincoln in St. Petersburg on Wednesday morning 21 August 2019 to finalize the deal, delivering the executed Memorandum of Agreement and Understanding, and paid $3300.00 first & last month's rent by cashier's check.

34.    Shortly after closing the deal with Troy P. Johnson & Tracy Lynn Gazarek, Tripka called Lincoln and asked for their number. Tripka said he wanted to know whether the Johnsons wanted any of the personal property Tripka would otherwise have to move out.

35.    Given the history with L.P. Barnett & Christina Anne Hall, Lincoln suspected that Tripka's intent might be to try to cause trouble, but since the deal was finalized and irrevocable, and given that Tripka had told Lincoln repeatedly he was having trouble getting

rid of all his stuff (See Exhibit E about his ex-wife's washer-dryer), Lincoln gave Tripka the Johnson's number.

### First Cause: TRIPKA'S DEFAMATION BY SLANDER, Second: TORTIOUS INTERFERENCE WITH CONTRACT, and Third Cause of Action: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Having stood and sat by silently and/or cooperated with Lincoln all summer, once Lincoln, Johnson, and Gazarek had finalized their deal, Robert Stanley Tripka called Johnson & Gazarek and told them that the whole thing was a scam, that Lincoln had swindled them and that they must demand a return of their money.

37. ROBERT STANLEY TRIPKA also announced that he would refuse to vacate the premises and Lincoln (and/or Johnson & Gazarek) would have to evict him from the premises by judicial proceeding.

38. This one threatened act amounts to both tortious interference and intentional infliction of emotional distress as well as a breach of the implied covenant of good faith and fair dealing with Tripka's old friend Lincoln, and so this litigation inevitably followed.

39. Robert Stanley Tripka called the Johnsons repeatedly, speaking to them at least 4 times and calling many more times after Johnson & Gazarek stopped answering the telephone.

40.   Tripka's accusations against Lincoln amounted to slander per se, especially under the unique historical circumstances of the case and Tripka's long-term relationship with Lincoln specifically involving resistance to Wells Fargo's attempts to foreclose on 122 Harbor Drive in Palm Harbor, Florida 34683.

41.   Robert Stanley Tripka's conduct was extreme and outrageous, utterly and uncivilized and unwarranted repeated calls to Johnson & Gazarek.  As Troy Johnson aptly observed,

> "I feel like I just entered the twilight zone.
> Mr. Tripka just called and said you can go ahead and evict him.
> He's nearly out anyway and we need to get our money because he's not leaving."

42.   Doubletalk like this would be shocking from a drunk on the streets, but it is unimaginable from a LICENSED REAL ESTATE AGENT AND BROKER IN THE STATE OF FLORIDA, which Robert Stanley Tripka claims to be (this complaint will be forwarded to the proper state authorities).

43.   Just as with Barnett & Hall, Tripka wanted to keep the house for himself as long as he could and the only way he could do this was to accuse Lincoln of fraud in precisely the pursuits that Lincoln and Tripka had engaged for the past dozen years since 2008.

44.    Robert Stanley Tripka has expressly and intentionally designed his habit of **repeatedly, robotically, calling** to annoy, harass, and cause Johnson & Gazarek extreme emotional distress, and DID in fact cause them extreme emotional distress.

45.    This led Troy Johnson & Tracy Gazarek to turn against Lincoln and transfer Tripka's harassment onto Lincoln.

46.    Robert Stanley Tripka then called Lincoln to accuse Lincoln of fraud to his face concerning everything that Tripka had been totally supporting, UNTIL TRIPKA DECIDED TO MOVE OUT OF HIS (and Abigail Lucille Tripka's) LONG-TERM HOME AT 122 HARBOR DRIVE in PALM HARBOR, FLORIDA.

47.    Tripka ONLY found it necessary to allege by harassing announcements over the telephone that (he and) Lincoln might have been doing something "wrong" when a contract had been signed and executed with his (Tripka's) knowledge and in front of his very eyes.

48.    Had Tripka been sincere, he could have stopped Lincoln from advertising or refused to cooperate at any stage, but Tripka wanted to use Lincoln as a "free E ticket" to stay in his house for free forever, and that was clearly impossible.

11

49.   Tripka had no possible justification for his defamation by slander, for trying to undo the contract which Johnson & Gazarek had made with Lincoln, or for his extreme and outrageous robotic calls.

50.   Because Tripka's defamed Lincoln by accusations of fraud and scamming in a business deal, Tripka is liable for damages for defamation per se in the amount of a minimum of $50,000.00.

51.   However, if Tripka actually succeeds in preventing Johnson & Gazarek from entering the premises and consummating their contract, this court should find him liable for full damages from the lost contract in the amount of $250,000.00.

52.   This is exactly the same repetitive course of conduct parallel to that in which Tripka engaged to derail the deal with Lawrence Paul Barnett & Christina Anne Hall in July 2019, exposing Lincoln to liability for breach of that arrangement also.

## FOURTH CAUSE OF ACTION: BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING

53.   Robert Stanley Tripka and Lincoln worked together for years to try to save his house at 122 Harbor Drive in Palm Harbor, Florida 34683 from foreclosure.  They continued the fight in 2018.

54.   To say that Tripka has a right to live there after deeding the property to Lincoln but that Lincoln cannot rent the property to any

other person is so preposterous as to constitute a breach of the implied covenant of good faith and fair dealing.

55.    And this, again, is exactly the same repetitive course of conduct parallel to that in which Tripka engaged to derail the deal with Barnett & Hall in July 2019, exposing Lincoln to liability for breach of that arrangement also.

## RON SHELTON'S MULTIFACETED
## CONSPIRACY WITH TRIPKA

56.    About the same time that Lincoln and Tripka first met, Charles Edward Lincoln III met Ron Shelton during 2008-2009, but they didn't get along and have not communicated nor had any other dealings at all during the past ten years.

57.    Robert Stanley Tripka and Ron Shelton remained friends, and occasionally Tripka would comment on how Ron Shelton didn't like Lincoln, but they did nothing and nothing happened.

58.    On Wednesday, August 21, 2019, Ron Shelton apparently either whipped Robert Stanley Tripka into his wild and uncivilized frenzy of robotic calls or else simply agreed and conspired with Tripka to try to help Tripka stay in the house at 122 Harbor Drive by turning against his old friend Lincoln without warning.

59.    Ron Shelton had neither any right nor any direct or indirect interest either in the transaction between Lincoln and Troy Johnson & Tracy Gazarek.

60.    However, on the morning and midday of Wednesday August 21, 2019, Ron Shelton (calling from (614) 808-5182) joined Tripka in trying to break the contract Lincoln just closed with these unhappy people by placing one or more harassing and threatening calls in support of Tripka.

### FIFTH, SIXTH, & SEVENTH CAUSES OF ACTION

61.    Ron Shelton agreed and conspired with Robert Stanley Tripka to engage in defamation per se by slander against Lincoln in telephone calls placed to Troy Johnson & Tracy Gazarek on Wednesday, August 21, 2019 for the purpose of making them break their contract with Lincoln.

62.    Ron Shelton agreed and conspired with Robert Stanley Tripka to interfere without right or privilege of any kind in Lincoln's contract with Troy Johnson & Tracy Gazarek (Exhibit D).

63.    Ron Shelton agreed and conspired with Robert Stanley Tripka intentionally to inflict emotional distress on Charles Edward Lincoln

III by a frenzy of phone calls aimed (ostensibly) at "protecting" Troy P. Johnson & Tracy Lynn Gazarek.

64.    Ron Shelton should be jointly and severally liable with Robert Stanley Tripka for all of the above-and-foregoing conduct described herein above, in the minimum amount of $250,000.00.

## EIGHTH CAUSE OF ACTION: DECLARATORY JUDGMENT

65.    Pursuant to 28 U.S.C. §§2201-2002, Plaintiff Charles Edward Lincoln III asks this Court to review Exhibits B and C in light of the circumstances disclosed in those contracts and to declare and adjudge whether there is anything fraudulent, improper, or invalid in those contracts.

66.    If Charles Edward Lincoln III is forced to hire an attorney licensed in the State of Florida to represent him in bringing this case to trial, Lincoln prays that Robert Stanley Tripka, Abigail Lucille Tripka, and Ron Shelton be ordered to pay all reasonable attorneys' fees and court costs.

## NINTH CAUSE OF ACTION: DECLARATION OF INDEMNITY

67.    If Shelton & Tripka succeed in breaking the contract between Lincoln this Court should declare and adjudge that they are jointly

and severally liable to indemnify Plaintiff Charles Edward Lincoln III for all liability he may suffer to Troy P. Johnson & Tracy Lynn Gazarek, in the amount of at least $75,000.00 and potentially $250.000.00.

68.    If Lawrence Paul Barnett & Christina Anne Hall file suit against Lincoln for what in essence was Tripka's breach of the implied covenant of good faith and fair dealing with them, this Court should declare and adjudge that Tripka must indemnify Lincoln for all liability to Barnett & Hall.

### SPECIAL REMEDY #1: FREEZE ON FUNDS

69.    This Court should freeze place a hold on Tripka's personal injury award of $60,000.00, which Tripka explained to Lincoln he may transfer whatever he has to his daughter Abigail Lucille Tripka since she is in college now.

### SPECIAL REMEDY #2: INJUNCTION AGAINST SLANDER & INFERFERENCE

70.    Ron Shelton & Robert Stanley Tripka should be enjoined from slandering and defaming Charles Edward Lincoln III and from any further interference with his contracts with any party, and this injunction should be made permanent.

16

## TENTH CAUSE OF ACTION: EJECTMENT

71.    Robert Stanley Tripka told Troy P. Johnson that I, the undersigned Plaintiff Charles Edward Lincoln III, should just proceed to file eviction proceedings in State Court. I may yet have to do so, but I opt to file for ejectment in this court first.

72.    Robert Stanley Tripka has no lease or any other agreement for occupancy of 122 Harbor Drive, Palm Harbor, Florida 34683 with me and he promised NOT ONLY ME but also Troy P. Johnson and Tracy Lynn Gazarek that he would vacate on or before August 31, 2019, so that they could move in to 122 Harbor Drive in Palm Harbor, Florida 34683.

73.    When Tripka "went ape" on Wednesday August 21, 2019, I asked him what had changed, if he had any new information, and he said "no."

74.    I move and pray that this Court forcibly eject Robert Stanley Tripka and Abigail Lucille Tripka from 122 Harbor Drive, Palm Harbor, Ozona, Florida 34683 together with costs of ejectment, including attorneys' fees and costs of court if I am forced to hire an attorney to complete a trial-by-jury in this case, demand for which I hereby make and tender.

## JURY DEMAND

75.   I demand a trial-by-jury of all issues so triable in this court, including all questions of fact triable at common law or by statute, as well as all mixed questions of fact and law, and an advisory jury on all questions presented for declaratory judgment or other remedial relief.

## PRAYER FOR RELIEF

76.   Upon final trial, I, the undersigned Plaintiff Charles Edward Lincoln III, pray for actual damages in the minimum amount of $250,000.00 and punitive damages jointly and severally against Robert Stanley Tripka and Ron Shelton in an amount sufficient to punish these two blaggards for their unprincipled and contemptible interference and betrayal.

77.   I ask that the Court review and evaluate the contracts I had made with Lawrence Paul Barnett & Christina Anne Hall, which was neither finalized nor consummated on account of Robert Stanley Tripka's interference, and the active contract with Troy P. Johnson and Tracy Lynn Gazarek, and declare and adjudge whether these contracts are valid and should be enforced against all parties as written.

78.   I ask that this Court enjoin Ron Shelton & Robert Stanley Tripka and Abigail Lucille Tripka from defaming me by slander or libel, in regard to this case or any other business matter in which they have neither direct nor indirect interest, after finding that there is no adequate remedy at law for such defamation per se.

79.   I ask that this court summarily eject Robert Stanley Tripka and Abigail Lucille Tripka from 122 Harbor Drive in Palm Harbor, Florida 34683 and issuing a trespass warning to them.

80.   I move and request that this Court award me all such other and further relief as may be warranted at law, in equity, or by statute in the state of Florida or under the laws of the United States of America.

Respectfully submitted,

Thursday
August 22, 2019

By:_____

Charles Edward Lincoln, III, pro se
Plaintiff in propria persona
1717 17th Street N.W., Suite #207
Washington, D.C. 20009

Telephone: (504) 777-5023
E-mail: carolus_magnus_augustus@yahoo.co.uk